1  BENJAMIN B. WAGNER
   United States Attorney
2  LUCILLE GONZALES MEIS
   Regional Chief Counsel, Region IX
3  Social Security Administration
   JACQUELINE A. FORSLUND
4  Special Assistant United States Attorney

5       333 Market Street, Suite 1500
        San Francisco, California 94105
6       Telephone: (415) 977-8932
        Facsimile: (415) 744-0134
7       E-Mail: Jacqueline.A.Forslund@ssa.gov

8  Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| JIMMY L. PEARSON,<br><br>     Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>     Defendant. | CIVIL NO. 2:08-CV-3042 GGH<br><br>STIPULATION AND ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND FIVE HUNDRED dollars and 00 cents ($5,500.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

1

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, – S.Ct. – , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Bess M. Brewer pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: December 3, 2010

*/s/ Bess M. Brewer*
(As authorized via e-mail on December 3, 2010)
BESS M. BREWER
Attorney for Plaintiff

Dated: December 3, 2010

BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration

*/s/ Jacqueline A. Forslund*
JACQUELINE A. FORSLUND
Special Assistant U.S. Attorney
Attorneys for Defendant

**ORDER**

APPROVED AND SO ORDERED.

DATED: Dec. 6, 2010

GREGORY G. HOLLOWS

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

3